IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GABRIEL G. ATAMIAN, MD, MSEE, JD, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 06-196-SLR ) |
| CHRISTOPHER D. BURNS, DDS | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Gabriel G. Atamiam ("Atamian") filed this civil rights complaint pursuant to Title VI of the Civil Rights Act of 1964. He also raises supplemental state claims. Atamiam appears pro se and on April 12, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   THE COMPLAINT**

Atamian alleges that he was a victim of discrimination on the basis of national origin and age when defendant Christopher D. Burns, DDS, ("Burns") refused to provide him dental treatment. More particularly, Atamiam alleges that he was referred to Dr. Burns by Dr. Martin, that Dr. Burns' secretary made an appointment for him, but that on April 1, 2004, Dr. Burns sent a

letter to him stating that he would not treat Atamiam and that the appointment was "null and void." (D.I. 2, Ex.) The letter, attached as an exhibit, states, "It has come to my attention that you were referred to my office for treatment. In light of past experiences, I feel it would be best if you sought treatment at another facility." Id.

Count V alleges a civil rights violation pursuant to Title VI of the Civil Rights Act of 1964, on the basis that Burns refused to render specialized care to plaintiff due to his status as a senior citizen, his national origin, and in not accommodating plaintiff. Counts I, II, III, IV, V, VII, and VIII raise supplemental state claims for refusal to treat, refusal to treat specialized dental condition of a senior citizen, refusal to treat a referral by a general dentist, refusal to treat a patient on the record, common law conspiracy, defamation by libel, and intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous

if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds pro se, the court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

Atamiam invokes this court's jurisdiction alleging a federal question by filing the complaint pursuant to Title VI of the Civil Rights Act of 1964. 28 U.S.C. § 1331. Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §

2000d.  See Alexander v. Sandoval, 532 U.S. 275, 278 (2001). Similarly, the Age Discrimination Act, 42 U.S.C. § 6101 et seq., prohibits age discrimination, and provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance."  42 U.S.C. § 6102.

The complaint as currently pled, does not allege that Atamian was denied dental treatment under a program receiving Federal financial assistance.  As a result he fails to state a claim under Title VI of the Civil Rights Act of 1964 or the Age Discrimination Act.

Atamiam also appears to attempt to raise a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. by alleging that Dr. Burns did not "accommodate" him.  The complaint, however, does not allege that Atamiam is a disabled person, as that term is defined under the ADA.

The federal claims against Dr. Burns present no arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. at 325. They are, therefore, dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. SUPPLEMENTAL STATE CLAIMS

Because the complaint fails to state a federal claim, the court declines to exercise jurisdiction over Atamian's

supplemental state law claims.  28 U.S.C. § 1367; De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

NOW THEREFORE, at Wilmington this 23d day of May, 2006, IT IS HEREBY ORDERED that plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE