ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GABRIEL G. ATAMIAN,,MD,MSEE,JD, :

    Plaintiff, :

                                          CIVIL ACTION No.

v.                            :      o6-196  (SLR)

                            :

CHRISTOPHER D. BURNS,DDS,

    Defendant. :

                             :

## MOTION FOR RECONSIDERATION

COMES NOW, plaintiff Gabriel G. Atamian,MD,MSEE,JD, moves Court for the Reconsideration or in the alternative pursuant to Rule 60(b), relief from the Order , dated May 23, 2006; and, in support of the motion , states:

### I. COMPLAINT CANNOT BE AUTOMATICALLY DISMISSED.

#### A. COMPLAINT FILED IN FORMA PAUPERIS IS NOT AUTOMATICALLY FRIVOLOUS.

In Neitzke v. Williams, 490 U.S. 319 (1989 ), states:

    on p. 320: " The question presented is whether a complaint filed in forma pauperis which fails to state a claim under federal Rule of Civil Procedure 12(b)(6) is automatically frivolous within the meaning of 28 U.S.C 1915(d) . The answer  , we hold , is no."

    on p. 331: "We therefore, hold that a complaint filed in forma pauperis is not automatically frivolous within the meaning of 1915(d) because it fails to state a claim."

Therefore, the District Court erred to dismiss complaint in forma pauperis, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

B. THE DISTRICT COURT ERRED IN THE DETERMINATION OF RATIONAL ARGUMENT IN LAW OR FACT.

In Neitzke, id, on p. 322, states:
> " The frivolousness standard, authorizing sua sponte dismissal of an in forma pauperis complaint "only if petitioner cannot make any rational argument in law and fact which would entitle him or her to relief, is a more linient standard than that of Rule 12(b)(6), the court court stated. 837 F2d , at 307."

In the present case, the District Court did not analyse the factual basis and did not provide any rational factual determination.

Moreover, plaintiff conspiracy case , in the law of tort, the legal elements necessary to establish a criminal conspiracy substantially the same as for establishing a criminal conspiracy. The overt act of defendant, Dr. Burns, refusing to treat a referral by a general dedentist , is an overt act to accomplish a wrongfull goal  , renders the conspiracy to be a criminal conspiracy rather than civil.

Criminal conspiracy should be litigated in the district Court.

Therefore, the District Court erred in the determination of any rational argument in fact and law.

C. PLAINTIFF'S DUE PROCESS CLAUSE HAS BEEN VIOLATED

In essence, 28 U.S.C. 1915 was promulgated for the prisoners and  incarcerated  persons. The law is clear that prisoners have no contitutionally protected liberty, thus no due process clause protection.( See Neitzke, Id., p. 323)

However, plaintiff is not a prisoner; therefore, the Fourteenth Amendment of Due Process Clause is applicable to

plaintiff and not to the prisoners.

In summary, the District Court could not and should not apply Section 1915 to dismiss plaintiff's complaint because it would be in violation of the due process clause.

D. VIOLATION OF THE ADVERSARY PROCEEDINGS CONTEMPLATED BY THE FEDERAL RULES.

In Neitzke, Id.,, p. 329, states;

> " Our conclusion today is consonant with Congress' overarching goal in enacting the in forma pauperis statute: " to assure equality of consideration for all litigants.".…. a plaintiff with an arguable claim is ordinary accorded notice of a pending motion to dismiss on legal grounds for failure to state a claim and an opportunity to amend the complaint. …… These procedures alert him to the legal theory underlying the defendant's challenge and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review…… By contrast, the sua sponte dismissals. … involve no such procedural protections.
>
> ....
> ....
> A complaint that filed by Williams... whose only defect was a failure to state a claim, will be in all likelihood be dismissed sua sponte, whereas an identical complaint filed by a paying plaintiff will in all likelihood receive the conderation benefits of the adversary proceedings contemplated by the Federal Rules."

For the above reasoning, the District Court erred in dismissing plaintiff's complaint by violating of the adversary proceedings contemplated by the Federal Rules. . In summary, the district Court violated the:"to assure equality of consideration for all litigants."

3

## II. TO CERTIFY QUESTION TO THE 3rd CIRCUIT OF APPEALS COURT

Plaintiff respectfully requests from the District Court for leave of the court for a motion to certify question to the 3rd Circuit Court of Appeals , for 28 U.S.C. § 1915(e)(2)(B).

The certify question will be as follows:
> " Whether Section 1915(e)(2)(B) violates the due process clause; where a complaint is filed in forma pauperis by a party who is not a prisoner?"

Plaintiff is one of the best educated persons in America. Plaintiff possesses 10 advanced degrees including psychiatry with honors. Definitely, plaintiff's due process protection is violated by the application of 28 U.S.C. § 1915 because plaintiff is not incarcerated.

## III. SUPPLEMENTAL STATE CLAIMS.

A remand to the state courts is necessary for this case.

Plaintiff filed the complaint with the District Court on March 24,2006. The statute of limitation was April 1, 2006. (To be exact the date should be April 17, 2006, because the mail was delivered on April 17, 2004.)

Therefore, according to the federal law 28 US.C § 1367 and the cases, such as De Asencio v. Tyson Foods, Inc., 342 F3d 301 (3rd Cir. 2003), the District Court should remand the case for supplemental state claims to the state courts; especially where the statute of limitation is expired.

In summary, the district Court has created two hybrid cases: the first one is in the federal domain of course, by pursuing for reconsideration and also to the 3rd Circuit Court of Appeals; and, the second case, after the remand to pursue with the state courts. Needless to mention, that first plaintiff is going to pursue with

4

Federal Courts. But, the remand should be issued in order that plaintiff can file to the State Courts and then ask for a stay, until that the action be tried by the federal Courts, especially an Appeal to the 3rd Circuit. Then, the action will be pursued in in the State Courts after finishing the Appeal in the 3rd Circuit.

Wherefore, plaintiff prays the District Court to reconsider the case and Grant the motion. Further, plaintiff prays that the District Court will Certify the Question by giving leave to of motion to certify the question. Finally, plaintiff prays that the District Court grants the remand to the State Courts.

Respectfully submitted,

*Gabriel G. Atamian, MD, MSEE, JD*

Gabriel G. Atamian, MD, MSEE, JD
1021 N. State Street Apt A
Dover, DE 19901
Plaintiff. Pro se
302-678-2546

June 7, 2006

5

CERTIFICATION OF SERVICE

I, Gabriel G. Atamian, MD,MSEE,JD, do hereby certify that a copy of plaintiff's Motion for Reconsideration, was served on June 7, 2006, first class mail, postage prepaid, on:

Christopher David Burns, DDS
Delmarva Prosthodontics,PA
871 S. Governors Ave., Suite #1
Dover, DE 19904-4115

_____
Gabriel G. Atamian,MD,MSEE,JD

June 7, 2006