UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4372

MD GABRIEL G. ATAMIAN,
Appellant

v.

CHRISTOPHER D. BURNS

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00196)
District Judge: Honorable Sue L. Robinson

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2007
Before: McKee, Fuentes and Weis, Circuit Judges.

**JUDGMENT**

This case came to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. §1915(e)(2)(B) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here
ORDERED AND ADJUDGED by this Court that the within appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the Opinion of the Court.

ATTEST:

/s/Marcia M. Waldron
Clerk

DATED: May 24, 2007

Certified as a true copy and issued in lieu of a formal mandate on 6/15/07

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

BLD-205                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4372
_____

MD GABRIEL G. ATAMIAN,
            Appellant

vs.

CHRISTOPHER D. BURNS
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00196)
District Judge: Honorable Sue L. Robinson
_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2007
Before: McKee, Fuentes and Weis, Circuit Judges.

(Filed:May 24, 2007 )
_____

OPINION
_____

PER CURIAM

  Appellant, Gabriel Atamian, appeals the District Court's order dismissing his pro se civil rights complaint. Upon consideration of the record and Atamian's submission to this Court, we conclude that the appeal presents no arguable issues of fact

1

or law. Thus, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

In March 2006, Atamian filed the underlying complaint pursuant to Title VI of the Civil Rights Act of 1964, alleging that defendant Christopher Burns, DDS, refused to render specialized dental care to him on account of his nationality and his status as a senior citizen. Atamian also asserted numerous supplemental state law claims. He sought compensatory damages in the amount of $250,000, as well as punitive damages.

Atamian was granted leave to proceed with his complaint in forma pauperis. In a Memorandum Order issued on May 24, 2006, the District Court concluded that the federal claims Atamian asserted against Dr. Burns were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), given Atamian's failure to allege in his pleadings that he was denied benefits or subject to discrimination under any program or activity receiving federal financial assistance as required by the Civil Rights Act. See 42 U.S.C. § 2000d. To the extent Atamian sought to pursue a claim under the Age Discrimination Act, the District Court noted that his pleadings suffered from the same fatal deficiency. See 42 U.S.C. § 6102. Finally, insofar as Atamian may have been attempting to raise a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the District Court concluded that Atamian failed to allege that he is a disabled person within the meaning of the ADA. Accordingly, the District Court determined that Atamian's claims presented no arguable basis in law or fact, and that dismissal under § 1915(e)(2)(B) was appropriate. The court further declined to exercise jurisdiction over

his supplemental state law claims. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

Atamian filed a timely motion seeking to have the District Court reconsider its order of dismissal. The primary argument advanced by Atamian in support of reconsideration was his contention that the District Court erred in utilizing § 1915(e) to dismiss the complaint given the fact that Atamian is not a prisoner. The District Court denied Atamian's reconsideration motion in an order entered on September 26, 2006. The court stated that the screening procedures set forth in 28 U.S.C. § 1915(e) apply to in forma pauperis complaints filed by prisoners and non-prisoners alike and, thus, reconsideration was not warranted. The court further noted that Atamian's motion failed to set forth any intervening chance in controlling law or new evidence that was not available when the dismissal order was entered, and that reconsideration was not needed to correct a clear error of law or fact or to prevent a manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Atamian timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Having reviewed the record and Atamian's submission to this Court wherein he argues against summary disposition, we must agree with the District Court that the federal claims Atamian asserted against Dr. Burns were subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). As the District Court correctly determined, Atamian failed to allege that he was denied benefits or was subject to discrimination under any program or activity receiving federal financial assistance as required by the Civil Rights and Age Discrimination Acts, see 42 U.S.C. §§ 2000d and 6102, and he likewise failed to allege that he is a disabled person within the meaning of the ADA. See 42 U.S.C. § 12101 et seq. We further conclude that the District Court did not abuse its discretion in denying Atamian's reconsideration motion, see Max's Seafood Café v. Quinteros, 176 F.3d at 673, as the provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002)(non-prisoner indigent plaintiffs are "clearly

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir.1976). In the instant case, the District Court specifically determined that any amendment to the complaint would be futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). Thus, we have appellate jurisdiction over the appeal.

within the scope of § 1915(e)(2)").  See also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)(§ 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).  We have considered the other arguments advanced by Atamian and reject them without further discussion.

   Given the foregoing, we will dismiss the instant appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), as it is lacking in legal merit.  Neitzke v. Williams, 490 U.S. 319 (1989).